# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| HENRY DAILEY, | ) |
| Movant, | ) |
| v. | ) Civil No. 18-cv-00948-SRB |
| | ) Criminal No. 16-cr-00337-02-SRB |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## ORDER

Before the Court is Movant Henry Dailey's *pro se* Motion to Vacate, Set Aside, or Correct Sentence (Doc. #1). For the following reasons the motion is denied.

## I.   Background

Beginning on October 13, 2016, state and federal agencies conducted "Operation Cross Country X," an undercover law enforcement effort in the Kansas City, Missouri, metropolitan area aimed at stopping prostitution and sex trafficking. This undercover operation took place at a hotel in Independence, Missouri, which is in the Western District of Missouri. During this undercover operation, Movant was detained, transported to Independence Police Headquarters, and *Mirandized*. Then, during a recorded interview on October 16, 2016, Movant made several statements to law enforcement officers, including that he participated in a commercial sex ring. Both parties refer to these statements as Movant's "confession."

On October 18, 2016, Movant was charged by complaint with one count of sex trafficking of an adult by force, fraud, or coercion, in violation of 18 U.S.C. §§ 1594 and 1591. On October 19, 2016, United States Magistrate Judge John T. Maughmer appointed Lance Sandage to be Movant's counsel. On November 2, 2016, a federal grand jury returned an

indictment charging Movant with sex trafficking of an adult by force, fraud, or coercion, in violation of 18 U.S.C. §§ 1591(a), (b)(1), and 1594(a) and (c) (Count One); and with two counts of interstate transportation for prostitution, in violation of 18 U.S.C. § 2142 (Counts Two and Three). On June 26, 2017, Movant pleaded guilty to Count Two of the indictment pursuant to a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), which contained a factual basis for Movant's guilty plea. On April 11, 2018, this Court sentenced Movant to eighty-four (84) months imprisonment. Movant did not appeal. On November 29, 2018, Movant filed the present *pro se* motion under 28 U.S.C. § 2255. The Government does not dispute that the motion is timely under § 2255(f)(1). On April 1, 2019, after Movant had filed the present motion, Judge Maughmer appointed Richard Carney to be Movant's counsel.

In his *pro se* motion, Movant asserts seven grounds for relief: (1) this Court's lack of jurisdiction over Movant's criminal proceedings; (2) ineffective assistance of counsel for "lack of due diligence"; (3) ineffective assistance of counsel for failure to challenge the lawfulness of Movant's arrest and detention; (4) ineffective assistance of counsel for failure to file motions to suppress evidence, including his confession; (5) ineffective assistance of counsel for failure to have Movant evaluated for competency; (6) unreasonable seizure of Movant's person; and (7) deprivation of Movant's liberty without due process. (Doc. #1). On August 7, 2019, this Court held an evidentiary hearing.

**II.     Legal Standard**

A person in custody under a federal sentence "claiming the right to be released upon the ground that the sentence was imposed in violation of" federal law "or that the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The purpose of § 2255 is "to

afford federal prisoners a remedy identical in scope to federal habeas corpus." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (internal quotation marks omitted) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)). "Like habeas corpus, this remedy 'does not encompass all claimed errors in conviction and sentencing.'" *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Beyond "provid[ing] a remedy for jurisdictional and constitutional errors," the scope of a § 2255 motion "is severely limited; an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation marks omitted) (quoting *Addonizio*, 442 U.S. at 178). "In a § 2255 proceeding, the burden of proof with regard to each ground for relief rests upon the" movant. *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969) (internal citations omitted).

### III. Discussion

#### A. Jurisdiction

Movant argues this Court was without jurisdiction to preside over his criminal prosecution. (Doc. #1, p. 3). "The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States." 18 U.S.C. § 3231. "[S]ubject-matter jurisdiction in every federal criminal prosecution comes from" § 3231, which is "the beginning and the end of the jurisdictional inquiry." *United States v. White Horse*, 316 F.3d 769, 772 (8th Cir. 2003) (internal quotation marks omitted) (quoting *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999)). This Court had subject-matter jurisdiction over Movant's criminal proceedings. Movant was charged through a federal grand jury's indictment with violating federal criminal laws. Movant's arguments that he was detained in excess of the time period allowed by Mo. Rev. Stat. § 544.170 and Fed. R. Crim. P. 5(a) (Doc. #2, p. 3) may be

3

relevant to a motion to suppress, but they are not relevant to this Court's subject-matter jurisdiction over Movant's criminal prosecution. Movant's motion to vacate, set aside, or correct his sentence on jurisdictional grounds is denied.

### B. Ineffective Assistance of Counsel

Movant alleges four grounds for ineffective assistance of counsel. An ineffective assistance of counsel claim requires a movant to satisfy a two-prong test by showing: (1) his counsel's performance was deficient, and (2) the deficiency prejudiced his defense. *Deltoro-Aguilera v. United States*, 625 F.3d 434, 437 (8th Cir. 2010). As to prong one, deficient performance is that which "falls below the 'range of competence demanded of attorneys in criminal cases.'" *Theus v. United States*, 611 F.3d 441, 446 (8th Cir. 2010) (quoting *Strickland v. Washington*, 44 U.S. 668, 687 (1984)). A movant satisfies this prong by showing that counsel "failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted). Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 44 U.S. at 689.

Prong two, prejudice, requires the movant to "demonstrate that there is a reasonable probability that the outcome would have been different but for counsel's deficient performance." *Theus*, 611 F.3d at 447. To satisfy prong two in the guilty plea context, the movant "must show 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Frausto*, 754 F.3d 640, 643 (8th Cir. 2014) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). Both prongs must be satisfied for a movant to prevail on an ineffective assistance of counsel claim. *Apfel*, 97 F.3d at 1076.

### i. "Lack of Due Diligence," Failure to Challenge Lawfulness of Movant's Arrest and Detention, and Failure to File Motions to Suppress

Movant claims ineffective assistance of counsel for Lance Sandage's "Lack of Due Dilligence" resulting from Sandage's alleged failure to "investigate and research the case in a timely manner," to "recognize the Constitutional issues surrounding [Movant's] arrest and detention," and to "bring [these issues] to the Court[']s attention." (Doc. #2, p. 4). Movant also bases his claim on Sandage's failures to challenge the lawfulness of Movant's arrest and detention and to file corresponding motions to suppress his confession. (Doc. #2, pp. 4–5). The Government argues Movant does not meet the *Strickland* standard. The Government argues Sandage did not fail to exercise due diligence because Movant "and defense counsel had discussed issues surrounding [Movant's] detention at the Independence Police Department and his videotaped confession prior to making the strategic decision to enter into the plea agreement with the Government." (Doc. #13, p. 23). Addressing the "prejudice" prong in particular, the Government argues that, even if Movant's "detention and his subsequent confession may have provided the ground for an at least potentially colorable suppression motion[,] . . . a successful challenge to the confession would have been irrelevant, because the other evidence was more than sufficient to convict [Movant] at trial." (Doc. #13, p. 21). The Government also points to Sandage's affidavits and argues they "demonstrate[] that the advice to plead guilty was a strategic decision . . . made by [Movant] himself, after weighing the advantages and disadvantages of moving to suppress the evidence." (Doc. #13, p. 31).

Movant has not made the showing required under *Strickland*. First, Movant has not shown that Sandage's performance as an attorney was "deficient" for Sixth Amendment purposes because Movant has not "overcome the presumption that, under the circumstances, the

challenged action might be considered sound trial strategy." *Theus*, 611 F.3d at 446–47 (quoting *Strickland*, 466 U.S. at 689). In one of his affidavits attached to the Government's brief, Sandage attests that he met with Movant five times prior to Movant's change of plea on June 26, 2017, and that during these meetings he and Movant discussed "potential legal issues related to [Movant's] detention at Independence Police Department," "the issue of a motion to suppress his videotaped confession," "that filing motion practice while also seeking a plea agreement that involved cooperation could jeopardize the plea agreement," and "the strength of the government's case without the videotaped confession." (Doc. #13-2, p. 3). "Based upon these conversations, it was decided not to file pretrial motions and to continue with the change of plea." (Doc. #13-2, p. 3). Sandage further attests that "after Movant entered his change of plea on June 26, 2017," Sandage and Movant "had numerous meetings" during which they discussed "the possibility of setting aside his guilty plea so that motions could be filed related to the unlawful detention by Independence Police Department and the possible suppression of his videotaped confession." (Doc. #13-2, p. 4). Sandage attests that during these meetings he "informed [Movant] of the benefits and risks associated with filing a motion to set aside a guilty plea" and that Movant "made the decision not to file" such a motion. (Doc. #13-2, p. 4). Movant has not satisfied prong one of *Strickland*.

Second, even had Movant demonstrated deficient performance on Sandage's part, Movant has not shown prejudice because he has not demonstrated "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Frausto*, 754 F.3d at 643 (internal quotation marks omitted) (quoting *Hill*, 474 U.S. at 58). Even if Movant's confession had been suppressed, the other potential witnesses and evidence against Movant undercut the probability, if any, that Movant would have decided not to

6

plead guilty and instead to insist on going to trial.  Moreover, it is undisputed that Movant faced a potential sentence of life imprisonment if convicted of Count One at trial and that his plea of guilty to Count Two limited his sentencing exposure to a maximum of eighty-four months (seven years).  Movant has not demonstrated prejudice under *Strickland*.  Accordingly, Movant's motion is denied insofar as he claims ineffective assistance of counsel for lack of due diligence, failure to challenge the lawfulness of his arrest and detention, and failure to file motions to suppress.

### ii. Failure to Have Movant Evaluated for Competency

Movant claims ineffective assistance of counsel "due to [Sandage's] failure to have the Movant evaluated by Medical Professionals, to deem [Movant's] level of understanding, reasoning and comprehension was up to normal standards and to stand trial or to take a plea." (Doc. #2, p. 6).  Movant argues Sandage knew that Movant "had undergone two brain surgeries, and had suffered a stroke and several seizures," "that Movant was under care of brain specialists," and that Movant "must continuously undergo medical procedures due to [his] health issues." (Doc. #2, p. 6).  Movant argues Sandage's "failure to have Movant medically evaluated and cleared to continue the legal proceedings, shows a blatant and reckless disregard for Movant's cause . . . ." (Doc. #2, p. 6).  The Government argues that "both defense counsel's observations and the transcripts of the proceedings in this case show that [Movant] was able to assist in his defense and competent to proceed."  The Government concludes that "[t]here was simply no reason to move for a competency hearing, and [Movant] cannot show that his attorney was ineffective for not doing so." (Doc. #13, p. 19).

Movant has not carried his burden under *Strickland*.  It was not deficient performance for Sandage not to have Movant's competency evaluated.  "A defendant is competent to be tried if

7

he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him." *United States v. Robinson*, 253 F.3d 1065, 1067 (8th Cir. 2001) (internal quotation marks omitted) (quoting *Wise v. Bowersox*, 136 F.3d 1197, 1201 (8th Cir. 1998). Sandage attests—and Movant does not dispute—that "[d]uring all in-person meetings" between them, Movant "was alert and eager to assist in his defense," "asked appropriate questions and engaged in meaningful conversation with [Sandage] regarding this case," "was able to provide the defense with factual details surrounding the offense conduct," "was very engaged in plea negotiations," "had very specific questions about sex offender registration," "made inquiries about defense strategies," and "appeared to understand the benefits and drawbacks to different defense strategies." (Doc. #13-1, p. 2). Accordingly, Sandage's failure to have Movant's competence evaluated is not performance that "falls below the 'range of competence demanded of attorneys in criminal cases.'" *Theus*, 611 F.3d at 446 (quoting *Strickland*, 44 U.S. at 687). Because Movant fails the first prong of *Strickland*, Movant's motion is denied insofar as he claims ineffective assistance of counsel for Sandage's failure to have Movant evaluated for competency. *See Apfel*, 97 F.3d at 1076.

### C. Unreasonable Seizure and Violation of Due Process

Movant also challenges the lawfulness of his arrest and detention. Movant argues his arrest was an unreasonable seizure of his person in violation of the Fourth Amendment and that his detention violated Missouri statute, Fed. R. Crim. P. 5(a), and the Due Process Clause of the Fourteenth Amendment. (Doc. #1, pp. 6–7). By making a valid guilty plea, however, Movant has waived these challenges. "A valid guilty plea . . . waives a defendant's 'independent claims relating to the deprivation of constitutional rights that occurred prior to' pleading guilty." *United*

*States v. Pierre*, 870 F.3d 845, 848 (8th Cir. 2017) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). "Stated differently, a valid guilty plea forecloses an attack on a conviction unless 'on the face of the record the court had no power to enter the conviction or impose the sentence.'" *Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) (quoting *United States v. Vaughan*, 13 F.3d 1186, 1188 (8th Cir. 1994)). Moreover, when Movant pleaded guilty he expressly agreed to waive his right to collaterally attack his conviction or his sentence except on grounds of ineffective assistance of counsel, prosecutorial misconduct, or an illegal sentence. Movant does not dispute that his guilty plea was "knowing and voluntary." *See id.* at 605 (citing *McCarthy v. United States*, 394 U.S. 459, 466 (1969)). To the extent Movant bases his motion on the illegality of his arrest or detention, his motion is denied.

### D. Certificate of Appealability

A Certificate of Appealability will be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). For the reasons set forth above, this case does not present issues that are deserving of appellate review under the standard. Accordingly, a Certificate of Appealability is denied.

### IV. Conclusion

For the above reasons Movant Henry Dailey's *pro se* Motion to Vacate, Set Aside, or Correct Sentence (Doc. #1) is denied.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: August 16, 2019